IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CELANESE INTERNATIONAL CORPORATION; CELANESE (MALTA) COMPANY 2 LIMITED; & CELANESE SALES U.S. LTD., | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 20-1775-LPS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ANHUI JINHE INDUSTRIAL CO., LTD.; JINHE USA LLC; UMC INGREDIENTS, LLC f/k/a JRS INTERNATIONAL LLC; PRINOVA US LLC; & AGRIDIENT, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**DEFENDANT UMC INGREDIENTS, LLC'S ANSWER TO
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

The Defendant UMC Ingredients, LLC, formerly known as JRS International LLC

("UMC Ingredients") by their counsel answer the specific paragraphs and allegations of the First

Amended Complaint.

**NATURE OF THE ACTION**

1.      UMC Ingredients acknowledges that the Plaintiffs, Celanese International

Corporation, Celanese (Malta) Company 2 Limited, and Celanese Sales U.S. Ltd. (collectively,

"Celanese" or "Plaintiffs"), bring this amended complaint by alleging infringement of U.S.

Patent Numbers 10,233,164 ("the '164 patent"), 10,590,096 ("the '096 patent"), 10,227,316

("the '316 patent"), and 10,590,097 ("the '097 patent") (collectively, the "Asserted Patents")

under the patent laws of the United States, 35 U.S.C. § 1, et seq.

## THE PARTIES

2.      UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 2 of the First Amended Complaint and, therefore, denies the same.

3.      UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 3 of the First Amended Complaint and, therefore, denies the same.

4.      UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 4 of the First Amended Complaint and, therefore, denies the same.

5.      UMC Ingredients acknowledges that it is aware of the Chinese entity, the Defendant Anhui Jinhe Industrial Co., Ltd. (Jinhe China), but UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 5 of the First Amended Complaint and, therefore, denies the same.

6.      UMC Ingredients acknowledges that it is aware of the Defendant Jinhe USA LLC (Jinhe USA), but UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 6 of the First Amended Complaint and, therefore, denies the same.

7.      UMC Ingredients admits to the information in para. 7 of the First Amended Complaint.

2

8.      UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 8 of the First Amended Complaint and, therefore, denies the same.

9.      UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 9 of the First Amended Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

10.     UMC Ingredients acknowledges that the Court has subject matter jurisdiction over matters pleaded under 28 U.S.C. §§ 1331 and 1338(a) and the patent laws of the United States, 35 U.S.C. § 1, et seq.

11.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 11 of the First Amended Complaint and, therefore, denies the same.

12.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 11 of the First Amended Complaint and, therefore, denies the same.

13.     UMC Ingredients acknowledges that UMC LLC is organized and exists under the laws of the State of Delaware but the remaining allegations of paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, UMC Ingredients denies the remaining allegations of paragraph 13.

14.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 14 of the First Amended Complaint and, therefore, denies the same.

15.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 15 of the First Amended Complaint and, therefore, denies the same.

16.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 15 of the First Amended Complaint and, therefore, denies the same.

17.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 17 of the First Amended Complaint and, therefore, denies the same.

18.    UMC Ingredients acknowledges that UMC LLC, as a Delaware corporation but the remaining allegations of paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, UMC Ingredients denies the remaining allegations of paragraph 18.

19.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 17 of the First Amended Complaint and, therefore, denies the same.

20.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 17 of the First Amended Complaint and, therefore, denies the same.

4

## THE PATENTS-IN-SUIT

21.     UMC Ingredients acknowledges that on July 24, 2018, the U.S. Patent and

Trademark Office ("USPTO") issued U.S. Patent No. 10,029,998 ("the '998 patent"), titled

"Acesulfame Potassium Compositions and Processes for Producing Same," naming Christoph

Mollenkopf, Peter Groer, and Arvind Yadav as inventors but otherwise denies the allegations of

para. 21 of the First Amended Complaint.

22.     UMC Ingredients acknowledges that on March 19, 2019, the USPTO issued the

'164 patent, titled "Acesulfame Potassium Compositions and Processes for Producing Same,"

naming Christoph Mollenkopf, Peter Groer and Arvind Yadav as inventors and that the '164

patent is a continuation of the '998 patent but otherwise denies the allegations of para. 22 of the

First Amended Complaint.

23.     UMC Ingredients acknowledges that on March 17, 2020, the USPTO issued the

'096 patent, titled "Acesulfame Potassium Compositions and Processes for Producing Same,"

naming Christoph Mollenkopf, Peter Groer and Arvind Yadav as inventors and that the '096

patent is a continuation of the '164 patent, which is a continuation of the'998 patent, but

otherwise denies the allegations of para. 23 of the First Amended Complaint.

24.     UMC Ingredients acknowledges that the '998 patent, the '164 patent, and the '096

patent are collectively referred to as "the '998 Patent Family."

25.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations set forth in para. 25 of the First Amended

Complaint and, therefore, denies the same.

26.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 26 of the First Amended Complaint and, therefore, denies the same.

27.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 27 of the First Amended Complaint and, therefore, denies the same.

28.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 28 of the First Amended Complaint and, therefore, denies the same.

29.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 29 of the First Amended Complaint and, therefore, denies the same.

30.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 30 of the First Amended Complaint and, therefore, denies the same.

31.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 31 of the First Amended Complaint and, therefore, denies the same.

32.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 32 of the First Amended Complaint and, therefore, denies the same.

33.     UMC Ingredients acknowledges that on July 24, 2018, the USPTO issued U.S. Patent No. 10,030,000 ("the '000 patent"), titled "Acesulfame Potassium Compositions and Processes for Producing Same," naming Christoph Mollenkopf, Peter Groer and Arvind Yadav as inventors but otherwise denies the allegations of para. 33 of the First Amended Complaint.

34.     UMC Ingredients acknowledges that on March 12, 2019, the USPTO issued the '316 patent, titled "Acesulfame Potassium Compositions and Processes for Producing Same," naming Christoph Mollenkopf, Peter Groer and Arvind Yadav as inventors and that the '316 patent is a continuation of the '000 patent but otherwise denies the allegations of para. 34 of the First Amended Complaint.

35.     UMC Ingredients acknowledges that on March 17, 2020, the USPTO issued the '097 patent, titled "Acesulfame Potassium Compositions and Processes for Producing Same," naming Christoph Mollenkopf, Peter Groer and Arvind Yadav as inventors and that the '097 patent is a continuation of the '316 patent, which is a continuation of the '000 patent but otherwise denies the allegations of para. 35 of the First Amended Complaint.

36.     UMC Ingredients acknowledges that the '000 patent, the '316 patent, and the '097 patent are collectively referred to as "the '000 Patent Family."

37.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 37 of the First Amended Complaint and, therefore, denies the same.

38.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 38 of the First Amended Complaint and, therefore, denies the same.

39.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 39 of the First Amended Complaint and, therefore, denies the same.

40.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 40 of the First Amended Complaint and, therefore, denies the same.

41.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 41 of the First Amended Complaint and, therefore, denies the same.

42.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 42 of the First Amended Complaint and, therefore, denies the same.

43.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 43 of the First Amended Complaint and, therefore, denies the same.

## DEFENDANTS' PRODUCTS AND ACTIVITIES

44.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 44 of the First Amended Complaint and, therefore, denies the same.

45.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 45 of the First Amended Complaint and, therefore, denies the same.

46.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 46 of the First Amended Complaint and, therefore, denies the same.

47.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 47 of the First Amended Complaint and, therefore, denies the same.

48.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 48 of the First Amended Complaint and, therefore, denies the same.

49.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 49 of the First Amended Complaint and, therefore, denies the same.

50.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 50 of the First Amended Complaint and, therefore, denies the same.

51.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 51 of the First Amended Complaint and, therefore, denies the same.

52.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 52 of the First Amended Complaint and, therefore, denies the same.

53.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 53 of the First Amended Complaint and, therefore, denies the same.

54.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 54 of the First Amended Complaint and, therefore, denies the same.

55.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 55 of the First Amended Complaint and, therefore, denies the same.

56.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 56 of the First Amended Complaint and, therefore, denies the same.

57.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 57 of the First Amended Complaint and, therefore, denies the same.

58.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 58 of the First Amended Complaint and, therefore, denies the same.

59.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 59 of the First Amended Complaint and, therefore, denies the same.

60.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 60 of the First Amended Complaint and, therefore, denies the same.

61.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 61 of the First Amended Complaint and, therefore, denies the same.

62.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 62 of the First Amended Complaint and, therefore, denies the same.

63.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 63 of the First Amended Complaint and, therefore, denies the same.

64.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 64 of the First Amended Complaint and, therefore, denies the same.

65.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 65 of the First Amended Complaint and, therefore, denies the same.

66.     UMC LLC acknowledges that it has imported Jinhe's Ace-K into the United States.

67.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 67 of the First Amended Complaint and, therefore, denies the same.

68.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 68 of the First Amended Complaint and, therefore, denies the same.

69.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 69 of the First Amended Complaint and, therefore, denies the same.

70.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 70 of the First Amended Complaint and, therefore, denies the same.

71.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 71 of the First Amended Complaint and, therefore, denies the same.

72.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 72 of the First Amended Complaint and, therefore, denies the same.

73.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in para. 73 of the First Amended Complaint and, therefore, denies the same.

## COUNT I
## U.S. PATENT NO. 10,233,164

74.    UMC Ingredients incorporates by reference its responses to paras. 1 to 73 of the First Amended Complaint as though fully set forth herein.

75.    Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 75.

76.    Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 76.

77.    Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 77.

78.    Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 78.

79.    Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 79.

80.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 80 of the First Amended Complaint and, therefore, denies the same.

81.    Paragraph 81 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 81.

82.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 82 of the First Amended Complaint and, therefore, denies the same.

83.     Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 83.

84.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 84 of the First Amended Complaint and, therefore, denies the same.

85.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 85 of the First Amended Complaint and, therefore, denies the same.

86.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 86 of the First Amended Complaint and, therefore, denies the same.

87.     Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 87.

88.     Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 88.

89.     Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 89.

### COUNT II
### U.S. PATENT NO. 10,590,096

90.     UMC Ingredients incorporates by reference its responses to Paras. 1 to 89 of the First Amended Complaint as though fully set forth herein.

91.     Paragraph 91 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 91.

92.     Paragraph 92 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 92.

93.     Paragraph 93 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 93.

94.     Paragraph 94 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 94.

95.     Paragraph 95 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 95.

96.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 96 of the First Amended Complaint and, therefore, denies the same.

97.     Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 97.

98.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 98 of the First Amended Complaint and, therefore, denies the same.

99.     Paragraph 99 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 99.

100.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 100 of the First Amended Complaint and, therefore, denies the same.

101.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 101 of the First Amended Complaint and, therefore, denies the same.

102.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 102 of the First Amended Complaint and, therefore, denies the same.

103.    Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 103.

104.    Paragraph 104 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 104.

105.    Paragraph 105 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 105.

## COUNT III
## U.S. PATENT NO. 10,227,316

106.    UMC Ingredients incorporates by reference its responses to paras. 1 to 105 of the First Amended Complaint as though fully set forth herein.

107.    Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 107.

108.    Paragraph 108 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 108.

109.    Paragraph 109 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 109.

110.    Paragraph 110 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 110.

111.    Paragraph 111 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 111.

112.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 112 of the First Amended Complaint and, therefore, denies the same.

113.    Paragraph 113 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 113.

114.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 114 of the First Amended Complaint and, therefore, denies the same.

115.    Paragraph 115 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 115.

116.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 116 of the First Amended Complaint and, therefore, denies the same.

117.    UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 117 of the First Amended Complaint and, therefore, denies the same.

118.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 118 of the First Amended Complaint and, therefore, denies the same.

119.     Paragraph 119 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 119.

120.     Paragraph 120 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 120.

121.     Paragraph 121 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 121.

**COUNT IV**
**U.S. PATENT NO. 10,590,097**

122.     UMC Ingredients incorporates by reference its responses to paras. 1 to 121 of the First Amended Complaint as though fully set forth herein.

123.     Paragraph 123 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 123.

124.     Paragraph 124 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 124.

125.     Paragraph 125 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 125.

126.     Paragraph 126 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 126.

127.     Paragraph 127 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 127.

128.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 128 of the First Amended Complaint and, therefore, denies the same.

129.     Paragraph 129 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 129.

130.     Paragraph 130 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 130.

131.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 131 of the First Amended Complaint and, therefore, denies the same.

132.     Paragraph 132 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 132.

133.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 133 of the First Amended Complaint and, therefore, denies the same.

134.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 134 of the First Amended Complaint and, therefore, denies the same.

135.     UMC Ingredients lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in para. 135 of the First Amended Complaint and, therefore, denies the same.

136.     Paragraph 136 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 136.

137.     Paragraph 137 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 137.

138.     Paragraph 138 states a legal conclusion to which no response is required. To the extent a response is required, UMC Ingredients denies the allegations of paragraph 138.

## GENERAL DENIAL

Unless specifically admitted above, UMC Ingredients denies each and every allegation of the Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth above in UMC Ingredients' Answer to Plaintiff's First Amended Complaint and without admitting any allegation of the First Amended Complaint not otherwise admitted, the UMC Ingredients avers and asserts the following Affirmative Defenses.

### First Affirmative Defense

The Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

UMC Ingredients has never infringed and does not infringe U.S. Patent Nos. 10,233,164 either directly, contributorily, or by inducement.

**Third Affirmative Defense**

UMC Ingredients has never infringed and does not infringe U.S. Patent No. 10,590,096 either directly, contributorily, or by inducement.

**Fourth Affirmative Defense**

UMC Ingredients has never infringed and does not infringe U.S. Patent No. 10,227,316 either directly, contributorily, or by inducement.

**Fifth Affirmative Defense**

UMC Ingredients has never infringed and does not infringe U.S. Patent No. 10,590,097 either directly, contributorily, or by inducement.

**Sixth Affirmative Defense**

U.S. Patent No. 10,233,164 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.   The alleged invention covered in U.S. Patent No. 10,233,164 fails to satisfy the conditions for patentability specified in 35 U.S.C., including sections 101, 102, 103, and 112 thereof.

**Seventh Affirmative Defense**

U.S. Patent No. 10,590,096 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.   The alleged invention covered in U.S. Patent No. 10,590,096 fails to satisfy the conditions for patentability specified in 35 U.S.C., including sections 101, 102, 103, and 112 thereof.

**Eighth Affirmative Defense**

U.S. Patent No. 10,227,316 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.   The alleged invention covered in U.S. Patent No. 10,227,316

21

fails to satisfy the conditions for patentability specified in 35 U.S.C., including sections 101, 102, 103, and 112 thereof.

### Ninth Affirmative Defense

U.S. Patent No. 10,590,097 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.   The alleged invention covered in U.S. Patent No. 10,590,097 fails to satisfy the conditions for patentability specified in 35 U.S.C., including sections 101, 102, 103, and 112 thereof.

### Tenth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 10,233,164 under the doctrine of equivalents.

### Eleventh Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 10,590,096 under the doctrine of equivalents.

### Twelfth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 10,227,316 under the doctrine of equivalents.

### Thirteenth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 10,590,097 under the doctrine of equivalents.

### Fourteenth Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of laches.

### Fifteenth Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of estoppel.

### Sixteenth Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of waiver.

### Seventeenth Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of acquiescence.

### Eighteenth Affirmative Defense

Celanese is engaging in anti-competitive patent misuse of U.S. Patent No. 10,233,164 by asserting one or more of its claims to restrain trade while knowing that the one or more of its asserted claims are invalid.   Celanese is attempting to extend its rights to the patent knowing that the duration of the one or more claims of the patent is terminated as being invalid.

### Nineteenth Affirmative Defense

Celanese is engaging in anti-competitive patent misuse of U.S. Patent No. 10,590,096 by asserting one or more of its claims to restrain trade while knowing that the one or more of its asserted claims are invalid.   Celanese is attempting to extend its rights to the patent knowing that the duration of the one or more claims of the patent is terminated as being invalid.

### Twentieth Affirmative Defense

Celanese is engaging in anti-competitive patent misuse of U.S. Patent No. 10,227,316 by asserting one or more of its claims to restrain trade while knowing that the one or more of its asserted claims are invalid.   Celanese is attempting to extend its rights to the patent knowing that the duration of the one or more claims of the patent is terminated as being invalid.

**Twenty-first Affirmative Defense**

Celanese is engaging in anti-competitive patent misuse of U.S. Patent No. 10,590,097 by asserting one or more of its claims to restrain trade while knowing that the one or more of its asserted claims are invalid.   Celanese is attempting to extend its rights to the patent knowing that the duration of the one or more claims of the patent is terminated as being invalid.

UMC Ingredients reserves the right to assert additional defenses or affirmative defenses that may arise as discovery progresses or that they may otherwise become aware of during the course of this litigation.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), UMC Ingredients demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, UMC Ingredients respectfully prays for relief as follows:

(a)     Judgment that UMC Ingredients is not liable for infringement and/or inducing infringement of one or more claims of each of the Asserted Patents;

(b)     Judgment denying the Plaintiffs any damages, royalties, or attorney fees;

(c)     An award to UMC Ingredients of its costs, reasonable expenses, and attorney fees, including under 35 U.S.C. § 285;

(d)     Any other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendant UMC
Ingredients, LLC*

OF COUNSEL:
Paul Grandinetti
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
(202) 429-4560

Dated: February 2, 2022

25