IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CELANESE INTERNATIONAL
CORPORATION; CELANESE (MALTA)
COMPANY 2 LIMITED; and CELANESE
SALES U.S. LTD.,

    Plaintiffs,

v.

ANHUI JINHE INDUSTRIAL CO., LTD.;
JINHE USA LLC; UMC INGREDIENTS,
LLC f/k/a JRS INTERNATIONAL LLC;
PRINOVA US LLC; and AGRIDIENT, INC.,

    Defendants.

Civil Action No. 20-1775-RGA

MEMORANDUM ORDER

In a Report & Recommendation (D.I. 81), the Magistrate Judge recommended that I deny the three Rule 12(b)(6) motions to dismiss filed by Defendant UMC Ingredients, LLC (D.I. 37); Defendants Anhui Jinhe Industrial Co., Ltd. ("Jinhe China") and Jinhe USA LLC ("Jinhe USA") (together, "Jinhe") (D.I. 39); and Defendant Prinova US LLC (D.I. 42). Jinhe filed three objections (D.I. 88), which I consider *de novo*.

Jinhe first objects to the Magistrate Judge's conclusion that the First Amended Complaint adequately pleads that Jinhe China imports the Accused Product into the United States. (*Id.* at 4–7). The First Amended Complaint provides, "On information and belief, Jinhe has and/or is importing, and has participated in the importation of, the Accused Product [an acesulfame potassium composition a/k/a "Ace-K"] into the United States." (D.I. 34 at ¶ 58). This allegation is based on the United States Customs records on ImportGenius, which show that

1

Jinhe China sells the Accused Product to the U.S. Defendants and has at least some involvement in the import process. (*See, e.g.*, D.I. 34, Exs. M–P). The extent of Jinhe China's involvement is a factual dispute not properly resolved on a motion to dismiss. (D.I. 81 at 10). Thus, the first objection is OVERRULED.

Jinhe's second objection, relating to knowledge for induced infringement, is OVERRULED. The Magistrate Judge held that the First Amended Complaint's allegation of knowledge based on the filing of the original complaint is sufficient to state a claim for post-suit induced infringement. I agree. *See Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021).

Jinhe lastly objects to the Magistrate Judge's conclusion that the First Amended Complaint sufficiently pleads specific intent to induce infringement. (D.I. 88 at 9–10). The First Amended Complaint alleges that Jinhe China "has acted with the specific intent to induce third parties, including suppliers and/or retailers/distributors, to sell, offer for sale, use, and/or import into the United States, without license or authority, the Accused Product." (D.I. 34 at ¶¶ 80, 96, 112, 128). The Magistrate Judge found that this allegation, along with the allegations that Jinhe China had knowledge of the infringement yet continued to manufacture the Accused Product using the processes covered by the Asserted Patents, raised a reasonable inference that Jinhe China had the specific intent to induce infringement. (D.I. 81 at 16).

Although this is a close case, I agree with the Magistrate Judge that Plaintiffs have pleaded enough to support an inference of specific intent. Jinhe China was aware of the infringement as of the filing of the original complaint yet continued to sell the Accused Product to the U.S. Defendants and on its global "Products" website. (D.I. 34 at ¶¶ 54, 56); *DoDots*

*Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, 2019 WL 3069773, at *3 (D. Del. July 12, 2019) ("Given that the First Amended Complaint provided Defendants with knowledge of the Patents-in-Suit and also with knowledge of the purported infringement caused by using the accused products in conjunction with certain applications, one plausible inference for Defendants' continued marketing of those products and applications is that Defendants specifically intend to induce their customers to infringe the Patents-in-Suit."). Thus, Jinhe's third objection is OVERRULED.

The Report & Recommendation (D.I. 81) is **ADOPTED**. The motions to dismiss (D.I. 37, 39, 42) are **DENIED**.

Entered this 16th day of March, 2022.

/s/ Richard G. Andrews
United States District Judge